**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4543**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADLEY DEVON BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:21-cr-00184-CCE-1)

Submitted:  May 18, 2023                                   Decided:  May 22, 2023

Before NIEMEYER, RICHARDSON, and RUSHING, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Louis C. Allen, Federal Public Defender, Charles L. White, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Veronica Lynn Edmisten, Angela Hewlett Miller, Margaret McCall Reece, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Devon Brown pleaded guilty pursuant to a written plea agreement to 10 counts of Hobbs Act robbery and one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). The district court sentenced Brown to 276 months' imprisonment followed by three years' supervised release, and he now appeals. On appeal, Brown's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence imposed is reasonable. Although informed of his right to do so, Brown has not filed a pro se supplemental brief. The Government has moved to dismiss Brown's appeal based on the appeal waiver contained in Brown's plea agreement. We dismiss in part and affirm in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, we "consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotations marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Brown knowingly and voluntarily waived his right to appeal and that the issue raised

2

in the *Anders* brief falls squarely within the compass of the appellate waiver. Accordingly, we grant the Government's motion to dismiss with respect to all issues falling within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the remainder of the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

3